HENDRICKS *v.* KELLOG ET AL.

[76 South. 746, Division B.]

1. PROCESS. *Service of summons on absent defendant.* *Code* 1906, *Sec.* 3926. *Member of family.*

   Under Code 1906, section 3926 (Hemingways Code, section 2933), providing that summons shall be served if the defendant cannot himself be found in the county, by leaving a true copy at his usual place of abode with some member of his family over sixteen years of age. A married woman having a husband and children, of her own living in the house of her unmarried sister who is absent as a domestic servant in California, was not a "member" of such unmarried sister's family.

2. PROCESS. *Service of absent defendant at usual place of abode.* *Statute.*

   Under Code 1906, section 3926, providing that summons shall be served, if defendant cannot be found, or no member of his family, aged sixteen can be found at his usual place of abode who is willing to receive such copy, then by posting a true copy on a door of defendant's usual place of abode, where an unmarried woman owning a house in this state left it in the occupancy of her married sister's family and went to California as a domestic servant, remaining there for two years, and intending to remain for an indefinite time, his residence in California was her "usual place of abode" while she was away.

3. LIMITATION OF ACTIONS. *Statute of limitation. Interruption by absence from state.*

Under Code 1906, section 3108, providing that, if the person against whom a cause of action has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return, the phrase "be absent from and reside out of the state" in this statute applies to an unmarried woman who went to California to work as a domestic servant intending to return to this state when she had earned enough to pay off an incumbrance on her property.

APPEAL from the chancery court of Yazoo county.

HON. O. B. TAYLOR, Chancellor.

Suit by Rachel Hendricks against J. M. W. Kellog, executor and others. From a judgment dissolving an injunction, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Campbell & Campbell,* for appellant.

We agree with counsel for appellee in his brief, that the question involved in the litigation, is, whether legal service of process could have been had in this state, upon Rachel Hendricks, the appellant. The determination of this question is based upon the fact, whether or not, Rachel Hendricks had acquired a fixed residence, outside of the state of Mississippi, this is in accordance with the opinion of this court, in the case of *State* v. *Furlong,* 60 Miss. 845, the facts in the record show clearly that Rachel Hendricks had acquired no fixed residence outside of the state of Mississippi. On this proposition we cite the court to the following authorities:

In Massachusetts, however, it was held that a person who owned real estate in that state, on which he lived and carried on business until 1841, when he removed to another state, where he continued to reside, had at least a usual place of abode in Massachusetts in 1843. *Tilden* v. *Johnson,* 6 Cush. (Mass.) 354; *Lee* v. *Macvee* 45

Minn. 33; *Wood* v. *Roeder,* 45 Neb. 311; *Pendleton* v. *Vanausdel,* 2 Ind. 54; *Love* v. *Cherry,* 24 Iowa, 204.

Counsel for appellee quote extensively from *Alston* v. *Newcomer & Kausler,* 42 Miss. 186. We call the attention of the court to the important fact, that the facts in the above styled case are materially different from the facts in the instant case. In the case of *Alston* v. *Newcomer, & Kausler,* Mrs. Alston left the city of Jackson in 1853, taking her entire family with her, and stored her furniture in a different place in Jackson, and rented her house out to tenants who had been occupying it every since and she left none of her servants on the place. In the instant case Rachel Hendricks left all her furniture in her house, left her sister, and her sister's children, who had been members of her family, for a number of years, and took with her nothing but her wearing apparel, and expressed her intention to numerous parties, as shown by affidavits, to return to Yazoo City, as soon as she paid the encumbrances off of her property. But independent of this, the case of *Alston* v. *Newcomer & Kausler,* 42 Miss. 186, has been overruled by this supreme court in the case of *Lusby* v. *Railroad Co.,* 73 Miss. 360, 371;

In the last cited case the supreme court uses this language: "Perhaps the case most cited for the false view is that of *Railroad Co.* v. *Devaney,* in the book entitled 42 Miss. The case has no binding authority upon us, nor does the doctrine of *stare decisis* have any application in the case referred to, nor in any other case found in the so-called 42 Miss. The opinions found in that volume are the utterances of a tribunal appointed by the Military satrap who then ruled in a prostrate commonwealth and have no binding authority upon us than that each case therein must be regarded as *res adjudicate.*" *Senoria* v. *Washington,* 73 Miss. 665.

Our recollections of appellant's testimony is, that she was employed as cook, by Mrs. Boothe and that she has

been employed as such servant for the past two years. We do not think that this fixes her residence in California. Her employment as a servant, necessitates her going with Mrs. Boothe whereever Mrs. Boothe might go, and the employment may be terminated at any time, and Rachel Hendricks may get employment elsewhere, and as stated in our original brief, our information, is that Mrs. Boothe has not continuously resided in California, but each year has spent a great part of her time away, taking Rachel Hendricks with her, as her servant. We think that the chancellor should have continued the injunction in force until the final hearing of this case.

*Holmes & Holmes,* for appellee.

It is conceded in the brief of counsel for appellant that she has been absent from the state of Mississippi, and physically living in California, since her arrival there in April, 1914, but it is claimed that the appellant had a domicile in Yazoo City, and that personal services of proceeds could have been obtained upon her, and that therefore the statute of limitations continued to run even during her absence from the state.

In the case of *Fisher* v. *Fisher,* 43 Miss. 212, this court held that the statute followed the person, and not the property, of the debtor, and that it is immaterial whether the debtor had property in this state liable to attachment.

In *French* v. *Davis,* 38 Miss. 218, the court held that the reason of the exception is, that during the absence of the debtor from the state the plaintiff cannot sue, and that if the right to sue be unimpaired notwithstanding the absence, the case is not within the section.

The appellant therefore predicates her whole case upon the proposition that during her absence from the state the plaintiff might have sued and obtained a personal judgment against her. She admits that this could not be done by personal service of process on the appel-

lant, but claims that under section 392 of the Code of 1906, there are three modes of obtaining process upon the defendants:

First. Upon the defendant personally if to be found in the county, by handing him a true copy of the process.

Second. If the defendant cannot himself be found in the county, then by leaving a true copy of the process at his usual place of abode, with his wife or some other person above the age of sixteen years, being one of his family, and willing to receive such copy.

Third. If the defendant cannot himself be found and if no person of his family aged sixteen years can be found at his usual place of abode who is willing to receive such copy, then by posting a true copy on the door of the defendant's usual place of abode.

As stated, it is conceded that process upon the defendant under the first head was impossible, because she was living in the state of California, but it is claimed that under the second and third methods, personal process might have been obtained by leaving a copy at her usual place of abode with some member of her family, or by posting a copy on the door of her usual place of abode.

Under the facts as shown by the record in this case, we deem it almost unnecessary to argue that any judgment obtained upon process of such character would have been absolutely void. It is true that appellant owned a house and lot in Yazoo City heavily mortgaged, and some furniture.

Under the second method of obtaining process, a true copy must be left "at his usual place of abode with his wife, or some other person above the age of sixteen years, being one of his family, and willing to receive such copy."

Now, the appellant is unmarried, and has never been married. She has no family or other dependants,

and it would have been impossible to leave the copy of the process with her husband, because she had none, or any member of her family above the age of sixteen years, because there were no such members. It is true that Alice Jennings, her sister, is living in the house with her husband and children, but Alice Jennings is not a member of the family of appellant. She is a member of the family of her husband, Tom Jennings. It may be true that Alice and Tom Jennings have children living in the house above the age of sixteen years willing to receive . process, but these children are not members of the family of their aunt, Rachel Hendricks; they are members of the family of their father and mother, Tom and Alice Jennings.

Under the third method of serving process, the officer is required to post a true copy on a door of the defendant's usual place of abode. This was impossible for the reason that the defendant's usual place of abode in this case was at Mrs. C. B. Boothe's in Pasadena, California.

The argument in this case is that although the defendant admits that her usual place of abode was in California, admits that she was breathing, living and working in California, yet because of an intention to return to Yazoo City at some future date, her usual place of abode within the meaning of section 3926 was at a house where her brother-in-law and sister and nieces and nephews lived, and in the title to which she held an equity of redemption.

In the case of *Missouri, K. & T. Trust Company* v. *Norris*, 63 N. W. 634, 61 Minn. 256, the words "the house of his usual abode" within the meaning of the Minnesota statute, authorizing substituted service on defendant by leaving copy of process at the house of his usual abode, was held to be not an equivalent of domicile in all particulars, for one's place of abode does not necessarily continue until another one is ob-

tained. The court said that a tramp might have a domicile, but no house of his usual abode; that the term means a person's customary dwelling place of residence. *Ser* v. *Bobst,* 8 Mo. 506; *Appeal of Dunn,* 35 Conn. 82; *Mygatt* v. *Coe,* 44 Atl. 198, 63 N. J. Law, 510; *Earl* v. *McVay,* 91 U. S. 503, 23 Law Ed. 398; *Johnson* v. *Dadsden* (S. C.)1 Nott & McC. 89; *Madison County Bank* v. *Suman's administrator,* 79 Mo. 527; *Blodgett* v. *Utley,* 4 Neb. 25.

It is clear from the foregoing authorities that it was impossible for the debtor in this case to be served with process, and that therefore, this case must be affirmed, as the appellant has staked her whole case upon the sole proposition that a valid service of process might have been obtained upon her, even though she was absent from the state. But we come now to a construction of section 3108 and our decisions under it, from which we think it clear that the appellant is absent from and residing out of the state so as to prevent the running of the statute of limitations.

The case of *Dent* v. *Jones,* 50 Miss. 265, was that of a debtor who had a home in this state, and who went on a trip abroad. The court held that his absence on his trip was not sufficient to stop the running of the statute.

In the case of *State* v. *Furlong,* 63 Miss. 839, the court held that if the debtor have no such residence here as to enable the creditor to obtain process upon him and be absent, the section applies even though it be shown that the debtor had not acquired a domicile or fixed residence abroad.

In the case of *Wielle* v. *Levy,* 74 Miss. 34, 20 So. 3, the court held that where the defendant contracts a debt and removes to another state, and afterwards visits this state as a traveling salesman, going from place to place and staying only a day or two at each place, though while thus occupied he remained in the state continu-

ously for several months, he is absent within the mean-
ing of the statute.

Section 3108 says that if the defendant "be absent
from and reside out off the state, the time of his absence
was not to be taken as any part of the time limited for
the commencement of the action, after his return."

It is worthy of note in this case that the debtor has
not yet returned, and does not know when she will re-
turn. There is no doubt about the fact that the debtor
has been absent from and residing out of the state of
Mississippi. Even though it might be held that the
domicile of the appellant remained in the state off Miss-
issippi, yet she was absent from and residing out of
the state. *Alston* v. *Newcomer & Kausler,* 42 Miss. 186;
*Foster* v. *Brisbin,* 19 Wend, 14; *Haggart* v. *Morgan,* 1
Selden, 423; *Riswick* v. *Davis,* 19 Maryland, 82; Drake
on Attachment, sec. 57; *Mandell* v. *Peet, Sims & Co.,* 18
Ark. 236.

It is respectfully submitted that the judgment of the
lower court should be affirmed.

ETHRIDGE, J. delivered the opinion of the court.

On the 9th day of March, 1909, Rachel Hendricks, of
Yazoo City, Miss., executed two promissory notes to
Mrs. Mary R. Miles, one for three hundred seventy-eight
dollars and eighty cents, payable one year after date,
and one for two hundred thirty-four dollars and thirty-
nine cents, payable two years after date, securing these
notes by a deed of trust on property situated in Yazoo
City, Miss. In the year 1913 Rachel Hendricks accom-
panied her niece to California, seeking to improve the
health of her niece, but returned to Yazoo City in the
fall of that year. This trip required considerable money
and Rachel Hendricks incurred other indebtedness, se-
curing the same with a deed of trust upon her home-
stead. In April, 1914, Rachel Hendricks, having an op-

portunity to secure a position in California at better wages than she could get in Mississippi, moved to Pasadena, Cal., and secured employment as a servant with a lady in that city. She remained in California from April, 1914, until the date of hearing of this suit, but claims that she did not surrender or abandon her residence in Mississippi, but left her house in Yazoo City in charge of her sister and her husband and family. In July, 1916, the executor of Mrs. Mary Miles, deceased, having qualified as executor directed the trustee in the deeds of trust to secure the notes above mentioned to proceed to sell the property to pay the debts. Rachel Hendricks, through her attorneys, sued out an injunction against the sale of said property, claiming that the first note above given had become barred by the statute of limitations, and before suit tendered to the trustee the amount of the second note secured by the deed of trust, with interest, in full settlement of her demands, which the trustee refused to accept, and the said money was paid into the chancery court with the filing of the bill for an injunction.

It is claimed in the bill that the statute of limitation had run against the first note, that it constituted no claim against the homestead. There was a motion filed to dissolve the injunction, and on this motion affidavits of various parties were filed, relatives mainly of Rachel Hendricks, which undertook to state that the sister of Rachel Hendricks occupied her residence as members of her family; and by reason of this contention it is claimed that process could have been served in Yazoo City upon Rachel Hendricks, and her absence did not suspend the running of the statutes of limitation of this state, under the provisions of section 3108, Code of 1906 (section 2472 Hemingway's Code).

In the deposition of Rachel Hendricks she was interrogated as to her stay in California, the nature of her employment, and the length of time she expected to re-

main. In answer she said that she could not answer how long she expected to remain; that her employer was Mrs. C. B. Boothe, 1515 Garfield avenue, South Pasadena, Cal. She was then asked, ''State where has been your usual place of abode during the last two years,'' and answered,''At Mrs. C. B. Boothe's.''

On the hearing the chancellor dissolved the injunction and granted an appeal to settle the principles of the case.

Section 3108, Code of 1906 (section 2472, Hemingway's Code) is as follows:

''Absence from the State.—If, after any cause of action have accrued in this state, the person against whom it has accrued be absent from and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action, after his return.''

Under this statute we are called upon to determine whether the phrase ''be absent from and reside out of the state'' shall apply to the facts of appellant's living out of the state temporarily under the circumstances stated, she intending to return to Mississippi when she has earned enough to pay off the indebtedness upon her property.

Our statutes upon the service of process provide three methods of serving process upon a defendant, any one of which will confer jurisdiction upon the court to render a personal judgment. Section 3926, Code of 1906 (section 2933, Hemingway's Code), is as follows:

''How Summons Executed.—The summons from every court shall be served in one of the following modes:

''First.—Upon the defendant personally, if to be found in the county, by handing him a true copy of the process.

''Second.—If the defendant cannot himself be found in the county, then by leaving a true copy of the process at his usual place of abode, with his wife or some other

person above the age of sixteen years, being one of his family, and willing to receive such copy.

"Third.—If the defendant cannot himself be found, and if no person of his family aged sixteen years can be found at his usual place of abode, who is willing to receive such copy, then by posting a true copy on a door of the defendant's usual place of abode."

Can it be said that the sister of the appellant, who is a married woman having a husband and children of her own, constitutes a member of the appellant's family within the meaning of said section? And if not, is the house of the appellant in Yazoo City, occupied by her sister and husband under the circumstances stated, the "usual place of abode" at which a copy of summons may be posted?

We do not think the sister of appellant, having a husband and children, is a member of appellant's family in the sense contemplated by the statute in reference to whether this house of appellant in Yazoo City, occupied by her sister, is the usual place of abode or residence of the appellant at which a notice may be posted. The appellant having engaged in employment in another state, at a fixed place, and remaining there for two years, and intending to remain for an indefinite time, in the future, we are of opinion that such place in such state would be her "usual place of abode" at the time this suit was filed. We think the case falls within the principles announced in *Alston* v. *Newcomer & Kausler,* 42 Miss. 186.

It will be noted that the note became due March 9, 1910, and would become barred by our six-year statute of limitation on March 9, 1916, if the appellant actually lived in Mississippi, provided the statute was not suspended by some other cause.

It follows from what we have said that the judgment of the chancery court was correct, and the cause is affirmed.

*Affirmed and remanded.*