568 So.2d 291 (1990)
Chester Theodore ALPAUGH, Jr. and Sedley Roussel Alpaugh
v.
Francis G. MOORE and Lorraine W. Moore.
No. 07-CA-59174.
Supreme Court of Mississippi.
October 10, 1990.
*292 Lee N. Perry, White & Morse, Gulfport, for appellants.
Oscar B. Ladner, Gulfport, for appellees.
Before HAWKINS, P.J., and ANDERSON and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Francis and Lorraine Moore filed suit against Chester and Sedley Alpaugh to establish the right to an easement across the Alpaughs' property. The Alpaughs moved to dismiss the complaint due to insufficient service of process. The chancery court ruled, without opinion, that the Alpaughs' motion to dismiss was without merit. After a trial on the merits, the Alpaughs appealed the rulings of the lower court.
The facts in this case are relatively simple. In 1956, Francis and Lorraine Moore purchased property joining the Wolf River in Harrison County, Mississippi. The Moores gained access to their property by using an old road that provided the only all weather passage to their land. This road travelled over land owned by others to a public roadway. The Moores used the old road to access their property without interruption until Chester and Sedley Alpaugh, of New Orleans, Louisiana, purchased the property that the old road traversed in 1983. At such time, the Alpaughs informed the Moores that they could no longer use the road for vehicular traffic. As a result, the Moores filed suit in Harrison County Chancery Court to establish that they had an easement by prescription over and across the Alpaugh property. To effect service of process on the defendants, a copy of the summons was posted on the door of the Alpaughs' Harrison County weekend retreat on February 12, 1984. On March 2, 1984 the Alpaughs filed a motion to dismiss objecting to the jurisdiction of the court. On March 7, 1984, the Alpaughs answered the complaint, counter-claimed against the Moores and once again objected to the jurisdiction of the court due to invalid service of process. Without opinion, the trial court denied the Alpaughs' motion to dismiss for insufficient service of process on February 19, 1987. After a trial on the merits, the lower court granted the Moores *293 an easement by necessity over and across the Alpaugh property and also found that an action to establish a private right of way under Miss. Code Ann. § 65-7-201 was available to the Moores. From these findings, the following two issues will be discussed:

I. WHETHER SERVICE OF PROCESS PURSUANT TO MISSISSIPPI CODE ANN. § 13-3-33 BY POSTING A COPY OF THE SUMMONS ON THE DOOR OF THE RECREATIONAL RETREAT OF CHESTER AND SEDLEY ALPAUGH WAS SUFFICIENT TO GIVE THE LOWER COURT JURISDICTION OVER THE DEFENDANTS?
Service of process was made on the Alpaughs by posting the summons onto the door of the Harrison County weekend home on February 12, 1984. This method of service was pursuant to Miss. Code Ann. § 13-3-33 (1972) which was in effect from March 5, 1983 until May 2, 1985. Miss.R. Civ.P. 4, Comment. Section 13-3-33 provides for the service of process as follows:
The summons from every court shall be served in one of the following modes: First-Upon the defendant personally, if to be found in the county, by handing him a true copy of the process.
Second-If the defendant cannot himself be found in the county, then by leaving a true copy of the process at his usual place of abode, with his wife or some other person of his family above the age of sixteen years, and willing to receive such copy.
Third-If the defendant cannot himself be found, and if no person of his family aged sixteen years can be found at his usual place of abode who is willing to receive such copy, then by posting a true copy on a door of the defendant's usual place of abode.

The issue raised by the Alpaughs is that the service of process, by posting, was not made at their "usual place of abode", and as such, was insufficient to give the trial court jurisdiction over them. The validity of this argument depends upon the definition of a person's "usual place of abode". Generally, a person's "usual place of abode" is the place the person is actually living at the time when the service of process is made. Hendricks v. Kellogg, 116 Miss. 22, 76 So. 746 (Miss. 1917); 62B Am.Jur.2d Process § 208 at Page 911 (1990). Under this general proposition, the Hendricks' court held that an unmarried woman had a "usual place of abode" in California where she had lived and worked for more than two years and planned to remain, despite the fact that the woman owned a house in Yazoo City, Mississippi where service was attempted. Id. 76 So. at 747.
Similar to the findings in Hendricks, the facts in the case at bar show that the Alpaughs live at 1131 State Street in New Orleans, Louisiana. The property that is the subject of litigation is used by the Alpaughs as a weekend retreat and not as a place of residence. The purpose of the term "usual place of abode" is primarily to refer to the place where the defendant is usually found. 62B Am.Jur.2d Process § 208 at Page 911-912 (1990). Under this definition, the Alpaughs' "usual place of abode" would be in New Orleans, Louisiana and not at the weekend home in Harrison County.
Other jurisdictions addressing this issue have explained that a person's "usual place of abode" is a question of fact. French v. Angelic, 669 P.2d 1021, 1023 (Ariz. App. 1983); United Bank of Loves Park v. Dohm, 115 Ill. App.3d 286, 71 Ill.Dec. 286, 450 N.E.2d 974, 976 (1983). In United Bank, the court held that the defendant's "usual place of abode" was the home where his wife and family resided instead of his apartment in another city. The defendant contended that service of process on his wife at the family home was insufficient because his "usual place of abode" was his apartment in Chicago where he actually lived during the week. The court stated that there is a rebuttable presumption that the house where a man's wife and children reside is his "usual place of abode". Id. 450 N.E.2d at 976. The record in the present action is void of any evidence to rebut the presumption in United Bank.
*294 Under the limitations of Hendricks v. Kellogg, the Alpaughs' "usual place of abode" can be no place other than New Orleans, Louisiana. Consequently, the trial court lacked jurisdiction over them due to insufficient service of process.
For jurisdiction to have been proper in this action, service of process should have been made pursuant to Mississippi's "long arm" statute, Miss. Code Ann. § 13-3-57 (1972 & Supp. 1990). Section 13-3-57 provides in relevant part:
Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution or laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, ... or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, .. . to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract ... or as an incident thereto, by any such nonresident ...
* * * * * *
The doing of such business, or the engaging in any such work or service in this state, or the making of such contract ... shall be deemed to be a signification of such nonresident's agreement that any process against it ... which is so served upon the secretary of state shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporated and according to the law of that state or country.
The general principle regarding the exercise of jurisdiction over a nonresident is that he "may not be subjected to a litigation in a foreign jurisdiction unless he has `certain minimum contacts with it such that maintenance of the suit does not offend the traditional notions of fair play and substantial justice'. McDaniel v. Ritter, 556 So.2d 303 (Miss. 1989) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 [158], 90 L.Ed. 95 (1945)." These contacts must amount to something more than occasional "fortuitous" instances where the defendant had in the past come into some casual, isolated contact with an in-state resident. Administrators of the Tulane Ed. Fund. v. Cooley, 462 So.2d 696, 703 (citing Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490, 500 (1980)).
The facts in our case show that the Alpaughs are the owners of real property in Mississippi. As such, they have taken advantage of the laws of this state and protections afforded under such laws. Further, as landowners, the Alpaughs should not be surprised to have to defend an action concerning the land that they own when they have "purposefully availed [themselves] of the privilege of conducting activities within the forum state." Cf. McDaniel v. Ritter, (holding a nonresident landowner amenable to suit in Mississippi); citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). On these facts, "traditional notions of fair play and substantial justice" would not be offended to make the Alpaughs defend an action in this state.
As a final issue, the Moores have argued that the responsive pleadings filed by the Alpaughs subjected them to the jurisdiction of the court. This contention is unfounded. The Alpaughs objected to the jurisdiction of the trial court before any other pleadings were filed. Since such time, the Alpaughs have continually objected to the jurisdiction of the court and as such have made no general appearance that would subject them to the proceedings of the court. O'Neill v. O'Neill, 515 So.2d 1208 (Miss. 1987).

II. TO ESTABLISH A PRIVATE RIGHT OF WAY BY NECESSITY ACROSS THE ALPAUGH PROPERTY,

*295 DOES MISSISSIPPI CODE § 65-7-201 REQUIRE THE MOORES TO APPLY TO THE COUNTY BOARD OF SUPERVISORS?
As early as 1905, this court recognized that the proper manner for seeking a private way across neighboring land was by petitioning the county board of supervisors. Wills v. Reid, 86 Miss. 446, 453, 38 So. 793, 795 (Miss. 1905). This action is pursuant to Miss. Code Ann. § 65-7-201 (1972) which provides:
When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the board of supervisors of the county, which shall, the owner of the land being notified at least five days before, determine the reasonableness of the application. If the petition be granted, the same proceedings shall be had thereon as in the case of a public road; but the damages assessed shall be paid by the person applying for the private road, and he shall pay all costs and expenses incurred in the proceedings.
This statute was enacted pursuant to the provisions of Sec. 110 of the Mississippi Constitution of 1890 which provides as follows: "The legislature may provide, by general law, for condemning rights of way for private roads, where necessary for ingress and egress by the party applying, on due compensation being first made to the owner of the property; but such rights of way shall not be provided for incorporated cities and towns." Quinn v. Holly, 244 Miss. 808, 146 So.2d 357 (Miss. 1962).
Under section 65-7-201, there are the issues of necessity of the private way and of compensation due the servient estate. In Quinn, the court said that it is enough to show that the private way is "reasonably necessary"  not "absolutely necessary"  for ingress and egress to the property in question. Id. 146 So.2d at 359. This burden of proof is met by the Moores based upon the fact that their property is bound on three (3) sides by water and on the fourth side by the Alpaugh property. The Alpaughs erroneously contend that the Moores cannot show "necessity" because they have failed to explore the option of building a bridge to their land. This burden, however, will not be required due to the unreasonableness inherent in such an undertaking. Rotenberry v. Renfro, 214 So.2d 275 (Miss. 1968). The Moores' burden of proof concerning necessity is met by a showing that they have no other dry access to their land.
Upon a showing of necessity, the landowner, upon whose land the right of way is to be granted, is entitled to compensation for the fair value of the land taken and any damage to his remaining property. Quinn v. Holly, 244 Miss. 808, 146 So.2d 357 (1962). The court in Quinn stated that because "the proceeding is likened unto a proceeding in eminent domain, it is essential that the landowner should not only be paid the fair cash market value of the land taken but also the damages resulting from the taking to the remainder of the property." Id. 146 So.2d at 358.
On these facts, it appears that the Moores will be able to establish the right to a private road across the Alpaughs' property under Miss. Code Ann. § 65-7-201. This proceeding should be instituted by petition before the county board of supervisors to establish the necessity of the road and to determine the compensation due the servient estate.

CONCLUSION
This Court reverses the judgment below on grounds that process served on the out-of-state residents, Alpaughs, was insufficient to subject them to personal jurisdiction. The Court notes en route that the lower court was correct in determining that Miss. Code Ann. § 65-7-201 provided a remedy available to the Moores to establish a private right of way to their property. The Court further notes that the lower court's granting of an easement by necessity to the Moores was erroneous and this finding is not disputed by the Moores. Other issues in this case are not reached by this Court due to the lack of jurisdiction of the *296 trial court. Consequently, the lower court is reversed.
REVERSED AND JUDGMENT VACATED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.