BRIDGES, C.J.,
for the Court:
¶ 1. H.D. McDaniel a/k/a Henderson D. McDaniel perfected this appeal from the Jones County Circuit Court’s denial of his motion for a new trial. On December 27, 1995, the trial court entered a default judgment against H.D. McDaniel in favor of Robert Burroughs and Consolidated Contractors Corporation in the amount of $200,165.91 plus one-half interest accruing on the joint debt of Burroughs and McDaniel to Union Planters Bank until paid. On September 30, 1996, the trial judge granted McDaniel’s motion to set aside the default judgment. The trial court granted Burroughs’s motion to reconsider, and on January 24, 1997, the default judgment against McDaniel in favor of Burroughs and Consolidated was reinstated. McDaniel appeals to this Court seeking a reversal of the order reinstating the default judgment. McDaniel asserts in his appeal that the initial entry of the default judgment was error, that the granting of the order setting aside the default judgment was proper, that it was error for the trial court to have granted Burroughs’s motion to reconsider, and that it was error for the trial court to have overruled his motion for a new trial. Finding that the default judgment was prematurely entered, we reverse and remand for a trial on the merits.
FACTS
¶ 2. H.D. McDaniel and Robert Burroughs formed Consolidated Contractors Corporation, a Mississippi business corporation. Each party owned fifty (50) percent of the stock in the corporation. Consolidated executed a promissory note on April 11, 1994, in the amount of $200,000, which was due on January 31, 1995. This note was renewed on February 17, 1995, in the amount of $350,000, with a due date of May 17, 1995. When the loan became due, Burroughs obtained an extension several times and paid the interest on both extensions ($8,990.86 & $10,252.45). On November 15, 1995, the loan was due in the amount of $356,947.82. Burroughs testified that when it became apparent to him that McDaniel had no intention of paying his half of the note, Burroughs filed suit.
ARGUMENT AND DISCUSSION OF LAW
¶ 3. The sole issue before this Court is whether the trial court abused its discretion by entering the default judgnent and whether it should have been set aside. While default judgments are not favored in the law, it does not follow that a party seeking relief from a default judgment is entitled to that relief as a matter of right. Rather, the decision to grant or set aside a default judgment is “addressed to the sound discretion of the trial court.” Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992). “This discretion must be exercised in accordance with the rules set forth in M.R.C. P. 55(c) and 60(b).” Id. We have no authority to disturb the trial court’s exercise of its discretion, absent a firm conclusion on our part that discretion has been abused. See Wilson v. South Cent. Mississippi Farmers, Inc., 494 So.2d 358, 360 (Miss.1986).
¶4. The test for setting aside a default judgment is as follows:
*463 A motion to set aside a default judgment or an order may be made under Miss. R. Civ. P. 60(b). Relief may be granted upon a sufficient showing of fraud, mistake, or other justifiable reason. Generally a Rule 60(b) motion will not be granted unless a three-pronged “balancing” test is satisfied. Under this test, one must determine: (1) Whether the movant’s basis for requesting relief is legitimate (e.g. Whether a justifiable reason is evidenced)? (2) Whether the movant has a colorable defense to the merits of the adjudged case: and (3) Whether the non-movánt will be unduly prejudiced if the motion is granted?
Rich By and Through Brown v. Nevels, 578 So.2d 609, 613 (Miss.1991) (citing King v. King, 556 So.2d 716, 719 (Miss.1990)). Furthermore, in King the Mississippi Supreme Court stated that “Rule 60(b) is designed for the extraordinary, and not the commonplace.” King v. King, 556 So.2d 716, 722 (Miss.1990). In King the court held:
Rule 60(b) provides for extraordinary relief which may be granted only upon a showing of exceptional circumstances, and that neither ignorance or carelessness on the part of the attorney will provide grounds for relief.... Additionally, it has been said that a party is not entitled to relief merely because he is unhappy with the judgment, but he must make some showing that he was justified in failing to avoid mistake or inadvertence; gross negligence; ignorance of the rules; or ignorance of the law is not enough.
King, 556 So.2d at 722 (quoting Stringfellow v. Stringfellow, 451 So.2d 219, 221 (Miss.1984)).
¶ 5. In determining whether the trial court has abused its discretion, we consider three factors:
1. Whether the defendant has good cause for default.
2. Whether the defendant in fact has a colorable defense to the merits of the claim, and
3.The nature and extent of prejudice which may have been suffered by the plaintiff if the default is set aside.
Williams, 618 So.2d at 55.
¶ 6. In the case sub judice, McDaniel argues that the default judgment was improperly entered against him since service of process was defective and technically, there was no default on December 27, 1995, which was the date that the default judgment was entered. Upon careful review of the record, it is this Court’s opinion that service of process was validly executed. On November 14, 1995, Burroughs filed his complaint and service of process was attempted on McDaniel’s at his usual place of abode. After the process server was unable to locate McDaniel, he left a copy of the summons and complaint with McDaniel’s wife, and mailed a copy to McDaniel’s usual place of abode the next day. According to M.R.C.P. 4(d)(1)(A), service of summons in this manner is deemed complete on the tenth day after such mailing. Further, McDaniel does not claim that he was without personal knowledge of the complaint as he testified that his wife informed him that service of process had been served on her, and in addition, he testified to calling Burroughs’s attorney and asked that another copy be mailed to him. Thus, this Court finds that the service of process was valid.
¶ 7. The next issue is whether or not McDaniel was in default on December 27, 1995. Although the affidavit supporting the application for entry of default correctly avers that “more than 40 days have elapsed since the date on which [McDaniel] was served with Summons and a copy of the Complaint,” the determination of whether the thirty days in which McDaniel had to answer the complaint had elapsed is controlled by M.R.C.P. 6.
¶ 8. Service of process by mailing was complete on the tenth day after the complaint was mailed. Since the tenth day fell on a Saturday, that day as well as the *464 following Sunday would not be counted pursuant to M.R.C.P. 6. Thus, the tenth day would fall on Monday, November 27, 1995. McDaniel’s thirty days to answer would begin on November 28, 1995. Thus, McDaniel had until 5:00 p.m. on December 27, 1995 to respond to the complaint filed against him, and December 28, 1995, was the first day a default judgment could be entered against him.
¶ 9. Under Mississippi law, the grant or denial of a 60(b) motion is generally within the lower court’s discretion, unless the judgment in question is deemed to be void. Overbey v. Murray, 569 So.2d 303, 306 (Miss.1990). In such a case the lower court has no discretion — the court must set the void judgment aside. Id.
¶ 10. In the case sub judice, the default judgment was entered on December 27, 1995, before McDaniel was technically in default.. Consequently, the default judgment was prematurely entered and it is void ab initio. Therefore, the granting of McDaniel’s Rule 60(b)(4) motion for a new trial was mandatory. Accordingly, we set aside the judgment by default pursuant to Rule 60(b)(4) and reverse and remand for a trial on the merits on the complaint and answer.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.