MAXWELL, J„
for the Court:
¶ 1. Mississippi statutory law permits a person to petition for a private road across someone else’s property “when necessary for ingress and egress.”[1] Following statutory procedures, Adirondack Timber I, LLC, obtained an easement for a private road across Randolph May and Martha Gene May’s property. Because we find Adirondack met its burden to show the private road across the Mays’ property was necessary to gain permanent access to its landlocked property, we affirm the judgment granting Adirondack the easement.
¶ 2. We cannot, however, affirm the grant of Adirondack’s request for Rule 11 sanctions.[2] The Mays’ post-judgment motion, which challenged the legal correctness of the judgment that condemned a portion of their property, while unsuccessful, was not frivolous. Because it was an abuse of discretion to impose sanctions on the Mays for filing this motion, we reverse and render the judgment awarding Adirondack $200 as sanctions.
Background
¶ 3. Adirondack owns real property in Lincoln County, Mississippi, with mature timber that it plans to harvest. But the property is landlocked. To the immediate west of Adirondack’s property is the Canadian National Railroad, which refused to permit Adirondack a permanent crossing. And to the north are creeks. The eastern boundary is the Bogue Chitto River. Determining the only reasonable access to its property was from the south, Adirondack attempted to obtain an easement from the landowners to the south for a private road immediately east of the railroad that would run parallel to the railroad till it reached Carruth Drive, an existing public road with a permanent railroad crossing.
¶ 4. Adirondack’s immediate southern neighbors in Lincoln County were amenable to this plan and deeded an easement across their property, down to the Pike County line. But the Mays, who own the property from the county line to Carruth Drive, refused to grant an easement. So Adirondack utilized the procedures of Mississippi Code Annotated section 65-7-201 (Rev.2012) and petitioned the Pike County *221 Special Court of Eminent Domain for a private road across the Mays’ property. The county court judge, sitting as special eminent domain judge, found Adirondack met the statutory requirements and granted a 50-foot-wide easement for a private road, for which Adirondack would pay the Mays $4,000.[3]
¶ 5. The Mays then filed a Rule 59 motion for a new trial or, alternatively, to alter or amend the judgment. See M.R.C.P. 59(a), (e). Adirondack responded by asking for Rule 11 sanctions, arguing the Mays’ post-trial motion was frivolous. See M.R.C.P. 11. The judge denied the Mays’ post-trial motion and granted Adirondack’s request for sanctions, requiring the Mays to pay Adirondack $200 in attorney’s fees.
¶ 6. The Mays appeal both the grant of the easement for the private road and the sanctions imposed.
Discussion
¶ 7. We affirm the special eminent domain judge’s grant of an easement for a private road. While, on one hand, the statute required Adirondack to show more than the mere convenience of having a private road across the Mays’ property to Carruth Drive, on the other hand, Adirondack did not have to show there was no other possible way to get to its property. We find the judge properly found that Adirondack met its statutory burden to show the private road was reasonably necessary to enter and leave its landlocked property.
¶ 8. But we reverse the award of sanctions. While Rule 11 sanctions are within the sound discretion of the trial court, we find the judge abused this discretion when he held the Mays’ post-trial motion was frivolous and, thus, sanctionable.

I. Grant of Private-Road Easement

¶9. As the petitioner, Adirondack had the burden to show the private road across the Mays’ property is “necessary for ingress and egress” to its property.[4] Miss.Code Ann. § 65-7-201; see also Alpaugh v. Moore, 568 So.2d 291, 295 (Miss.1990) (finding petitioners had met their statutory burden to show necessity). The Mays argue the judge erred in finding Adirondack met this burden.
¶ 10. Because “the right to control and use of one’s property is a sacred right not to be lightly invaded or disturbed,” in order to invade this right and be granted a private road over the Mays’ property, Adirondack had to show “real necessity[,] not just mere convenience.” Hooks v. George Cnty., 748 So.2d 678, 681-82 (¶¶ 15, 21) (Miss.1999). For example, in Hooks, the Mississippi Supreme Court held that the petitioners failed to show a private road across their neighbors’ property was reasonably necessary because the petitioners *222 had already obtained two other easements to their property. Id. at 682-83 (¶¶ 21— 27). And the only reason they petitioned under the statute for a private road was because, unlike their other easements, the road had already been cleared. Because “the private way across [their neighbor’s] property [was] not a necessity but [instead] a mere convenience,” the supreme court held that the petitioners failed to meet their statutory burden. Id. at 682 (¶ 21).
¶ 11. Here, Adirondack has shown that it sought the private road for more than mere convenience. An easement to the south of its property was not merely the most convenient way to enter and exit its property, it was the only feasible way to get to a public road. To the north and east are creeks and a river, and to the west is a railroad, which would not grant Adirondack a permanent crossing.
¶ 12. The Mays assert Adirondack failed to meet its burden because there was evidence the railroad was willing to grant a temporary easement across its tracks, and the Browns, property owners to the west of the railroad, were willing to grant an easement for a road parallel to the railroad to the west that would connect to Carruth Drive. According to the Mays, Adirondack could not show “necessity” because it failed to pursue an easement from willing property owners west of the railroad tracks. But Adirondack did explore this option — and was refused a permanent railroad crossing by Canadian National Railroad to get to the Browns’ property to the west. Thus, it was unreasonable for Adirondack to pursue this option for long-term access to its property.
¶ 13. The supreme court has interpreted the statute’s use of the word “necessary” to mean what is “reasonably necessary and practical” and not what is “absolutely necessary.” Id. (quoting Quinn v. Holly, 244 Miss. 808, 813, 146 So.2d 357, 359 (1962)). In Alpaugh, the supreme court held that the petitioners had met their burden of showing the reasonable necessity of a private way across their neighbors’ property because the petitioners’ property was bound by water on three sides. Alpaugh, 568 So.2d at 295. The petitioners’ neighbors had argued that an absolute necessity standard should apply — asserting that the petitioners “failed to explore the option of building a bridge to their land.” Id. The supreme court rejected this argument, finding such an exploration was “not ... required due to the unreasonableness inherent in such an undertaking.” Id. The court held the petitioners had met their burden by “showing that they ha[d] no other dry access to their land. Id.
¶ 14. As in Alpaugh, the Mays essentially argue that because the judge did not find the private road was “absolute necessity,” the judge failed to make the required finding under the statute. However, Adirondack’s burden was to show there was no other reasonable access to the property other than going through the Mays’ property. The judge found that, because of the creeks to the north, the Bogue Chitto River to the east, and the railroad to the west, the only reasonable option for Adirondack was to enter and leave its property from the south, by building a private road from Adirondack’s property to the established railroad crossing at Carruth Drive. Because we find the special eminent domain judge properly applied section 65-7-201 and supported his finding of reasonable necessity with substantial evidence from the record, we affirm the judgment granting Adirondack an easement for a private road across the Mays’ property.

*223
II. Award of Sanctions

¶ 15. Since we find the judgment granting an easement was proper, we find the denial of the Mays’ motion for a new trial or to alter or amend that judgment was also proper. But we find that to impose sanctions for filing this motion was an abuse of discretion. See Leaf River Forest Prods., Inc. v. Deakle, 661 So.2d 188, 196 (Miss.1995) (holding that the imposition of sanctions will only be reversed if the judge abused his discretion).
¶ 16. Rule 11(b) grants a judge the authority to order a party, his attorney, or both to pay the reasonable expenses incurred by the opposite party to defend a motion that, “in the opinion of the [judge], is frivolous or is filed for the purpose of harassment or delay.” M.R.C.P. 11(b). However, a motion is “frivolous,” and thus sanctionable, “only when, objectively speaking, the ... movant has no hope of success.” Leaf River, 661 So.2d at 196-97 (quoting Smith v. Malouf, 597 So.2d 1299, 1303 (Miss.1992)).
¶ 17. The judge found the Mays’ motion had no hope of success because it “presented no new facts or law” but instead “restate[d] the exact same argument made at trial,” which the judge “ha[d] already heard and considered[.]”[5] But the standard is an objective one, not a subjective one. Though subjectively the judge obviously found the Mays had no hope he would change his mind based on the same argument, objectively, we cannot say it is hopeless to ask a judge to change his mind based on the argument he misapplied the law the parties had already presented.
¶ 18. While showing “an intervening change in controlling law” or “the availability of new evidence not previously available” are two ways to succeed on a motion to alter or amend, another way to prevail on a Rule 59(e) motion is to show “the need to correct a clear error of law or to prevent manifest injustice.” Journeay v. Berry, 953 So.2d 1145, 1160 (¶ 51) (Miss.Ct.App.2007) (citing Brooks v. Roberts, 882 So.2d 229, 233 (¶ 15) (Miss.2004)). So simply pointing out the need to correct clear legal error based on the law and evidence already presented is a non-frivolous use of Rule 59(e). And arguably the Mays thought they were giving the judge an opportunity to correct a misapplication of section 65-7-201’s “necessity” standard, before raising this issue on appeal.
¶ 19. While there may be circumstances where a post-judgment motion raises solely frivolous arguments or is filed only to delay the effect of the judgment, those circumstances are not present here, particularly where the moving party has lost property rights.
¶ 20. We find the judge abused his discretion when he held the Mays’ post-trial motion was frivolous and imposed the $200 sanction. Thus, we reverse and render the award of $200 in sanctions to Adirondack.
¶ 21. THE JUDGMENT OF THE PIKE COUNTY SPECIAL COURT OF EMINENT DOMAIN IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE DIVIDED EQUALLY BETWEEN THE APPELLANTS AND THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ„ CONCUR.

. Miss.Code Ann. § 65-7-201 (Rev.2012).

. See M.R.C.P. 11(b).

. Adirondack and the Mays stipulated to this amount, which is not at issue on appeal.

. Under section 65-7-201:
When any person shall desire to have a private road laid out through the land of another, when necessary for ingress and egress, he shall apply by petition, stating the facts and reasons, to the special court of eminent domain created under Section 11-27-3 of the county where the land or part of it is located, and the case shall proceed as nearly as possible as provided in Title 11, Chapter 27 for the condemnation of private property for public use. The court sitting without a jury shall determine the reasonableness of the application. The owner of the property shall be a necessary party to the proceedings. If the court finds in favor of the petitioner, all damages that the jury determines the landowner should be compensated for shall be assessed against and shall be paid by the person applying for the private road, and he shall pay all the costs and expenses incurred in the proceedings.
(Emphasis added).

. This case involved a bench trial, not a jury trial, so this is not a case where a post-trial motion was necessary to preserve challenges to the sufficiency and weight of the evidence.