JAMES, J.,
dissenting:
¶ 16. I respectfully dissent from the majority’s opinion, which relies heavily on persuasive authority. I would hold that the Davidsons met their burden of proving that a reasonable necessity existed to grant a right-of-way easement across the Collinses’ property under Mississippi law.
¶ 17. In August 2011, MDOT blocked the previous access route, which the Davidsons used to access the property. The Davidsons attempted to secure a permit from the State for continued use of their former route, but MDOT denied their request. The only remaining option of accessing the property would require a right-of-way across the Collinses’ property. Negotiations between the Collinses and Davidsons to obtain a right-of-way also failed. Landlocked landowners must allege and show that they were unable to obtain a reasonable right-of-way from their surrounding property owners. Hooks v. George Cnty., 748 So.2d 678, 681 (¶ 16) (Miss.1999). The Davidsons made the required showing that they were unable to obtain a reasonable right-of-way from their surrounding neighbors. Consequently, the Davidsons sought to obtain a right-of-way under Mississippi Code Annotated section 65-7-201 (Rev.2012).
¶ 18. “Mississippi statutory law permits a person to petition for a private road across someone else’s property ‘when necessary for ingress and egress.’” May v. Adirondack Timber I, LLC, 129 So.3d 219, 220 (¶ 1) (Miss.Ct.App.2018) (citing Miss. Code Ann. § 65-7-201). “The supreme court has interpreted the statute’s use of the word ‘necessary’ to mean what is ‘reasonably necessary and practical’ and not what is ‘absolutely necessary.’ ” Id. at 222 (¶ 13) (citing Hooks, 748 So.2d at 682 (¶ 21)). The Davidsons had the burden to prove that the private road across the Collinses’ property is “necessary for ingress and egress.” Id, at 221 (¶ 9). Although access over the Collinses’ property is not absolutely necessary, it certainly is reasonably necessary and practical since the Davidsons’ property is surrounded on three sides by water and the remaining side by the Collinses’ property. See Alpaugh v. Moore, 568 So.2d 291, 295 (Miss.1990) (holding that the petitioners’ burden was met based on the fact that their property was bound on three sides by water and on the fourth side by the property of the party opposing the easement).
¶ 19. The fact that the Davidsons could access their property by boat is not dispos-itive of the case. The statute requires the Davidsons to “show more than mere convenience of having a private road across *830 the [Collinses’] property[,]” but the David-sons “did not have to show there was no other possible way to get to [their] property.” May, 129 So.3d at 221 (¶7); see Alpaugh, 568 So.2d at 295 (supreme court rejected the argument that the petitioners did not meet their burden of proving “necessity” because they failed to explore the option of building a bridge to their land). I would find that the Davidsons met their burden of proof by showing that they had no other reasonable access to their property in this case.
¶20. The supreme court’s decision in Alpaugh is instructive. The Alpaugh court found that the petitioners’ burden of showing a reasonable necessity of a private way across their neighbor’s property was met by the fact that the property was bound on three sides by water and on the fourth side by the neighbor’s property. Alpaugh, 568 So.2d at 295. The court held: “The [petitioners’] burden of proof concerning necessity [was] met by a showing that they [had] no other dry access to their land.” Id.
¶ 21. Likewise, the Davidsons have no other dry access to their land. I find that their burden was met, and an easement by necessity should have been granted. Therefore, I would reverse and render, granting an easement in favor of the Davidsons, with the only remaining issue of the amount compensation due to the Collinses, to be determined by the special court of eminent domain.