995 So.2d 861 (2008)
Anthony KEYES, Appellant
v.
Donald BERRY, Hired Trucks, Inc. and Simpson County, Mississippi, Appellees,
Anthony Keyes, Appellant
v.
Donald Berry and Hired Trucks, Inc., Appellees.
Nos. 2007-CA-00618-COA, 2007-IA-00669-COA.
Court of Appeals of Mississippi.
November 25, 2008.
*862 Don H. Evans, Jackson, attorney for appellant.
Michael J. Tarlton, Joe S. Deacon, David Michael Brisolara, Gulfport, attorneys for appellees.
Before MYERS, P.J., IRVING and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before the Court from the order of the Circuit Court of Simpson County granting Donald Berry's and Hired Trucks, Inc.'s ("the Appellees") motions to dismiss the counterclaims made against them by Anthony Keyes in the Appellee's negligence suit filed against Keyes and his employer, Simpson County, Mississippi.[1]
¶ 2. Anthony Keyes filed a counterclaim against Donald Berry in the Circuit Court of Simpson County for injuries he sustained as a result of a motor vehicle collision during the course and scope of his employment with Simpson County. However, Keyes failed to file an answer or other responsive pleading in the matter. The crux of the case hinges on whether the counterclaim suffices as a responsive pleading to the complaint whereby the counterclaim fails to respond to or otherwise answer the allegations of the complaint but instead merely advances Keyes claims against Berry in a comparative negligence state. The counterclaim filed by Keyes does not allege that Berry was solely at fault, fails to deny negligence on behalf of Keyes, and does not set forth any defenses to averments in Berry's complaint. See M.R.C.P. 7(a).
¶ 3. The initial answer filed by Simpson County on the case did not purport to answer on behalf of Keyes and Berry failed to effect service on Keyes. However, Keyes asserted himself into the lawsuit and made an appearance asserting his countercomplaint. When Keyes did so, in my view, he was required to assert his counterclaim or countercomplaint, as he labeled it, in a responsive pleading, in this case, an answer. M.R.C.P. 7(a). See Jeffery Jackson, Mississippi Civil Procedure, vol. 2 § 5:20 (2008).
¶ 4. Aggrieved, Keyes appeals and argues that the trial court erred in granting the Appellees' motions to dismiss. Because Keyes failed to assert his counterclaim in a responsive pleading, we find no error and affirm.

FACTS
¶ 5. Keyes and Berry were involved in an automobile accident. At the time, both *863 Keyes and Berry were acting within the course and scope of their employment. Keyes was employed by Simpson County, Mississippi, and Berry was employed by Hired Trucks, Inc. Both parties received injuries from the unfortunate accident.
¶ 6. On August 9, 2004, Berry and his wife filed suit in the Circuit Court of Simpson County naming as defendants Keyes, Simpson County, and four fictitious parties. Berry properly served Simpson County, which filed an answer that did not indicate that such answer was also filed on Keyes's behalf. Keyes did not file an answer. The return of service indicated that residence service was made on Keyes's mother at Keyes's usual place of abode; however, process was never mailed to Keyes at this address. Hence, service was not perfected as against Keyes.
¶ 7. Keyes did not answer the Appellees' complaint against him. Instead, he first appeared in the action on August 11, 2006, by filing a "counter complaint" against Berry and Hired Trucks, Inc., which was not yet made a party to the action. Keyes effectuated service of process on both Berry and Hired Trucks, Inc.
¶ 8. The Appellees then moved to dismiss Keyes's counterclaims, arguing that Keyes had never been properly served; thus, "[Keyes] was never properly before the court" and/or "lacked standing" to bring the counterclaims. The Appellees also claimed that Keyes never moved for permission to file the counterclaim, and that Hired Trucks, Inc., was improperly brought into the action as a third party pursuant to Mississippi Rule of Civil Procedure 14.
¶ 9. On December 5, 2006, Keyes filed a "motion for additional time to serve defendants with process, motion for leave to amend complaint to correct and add a third party and declare the lawsuit proper or, in the alternative, motion to consolidate lawsuits." According to the Appellees, they received no notice of this motion. As evidenced in the record, the trial court granted Keyes's motion; however, none of the parties received a copy of the trial court's order.
¶ 10. On February 14, 2007, Berry requested an entry of default judgment, claiming that Keyes failed to plead, answer, or otherwise defend the action after making an appearance on August 11, 2006, when he filed the countercomplaint. On the same day, the clerk made an entry of default on the docket. Keyes filed a motion to set aside the entry of default judgment. On March 2, 2007, counsel for Simpson County entered an answer on behalf of Keyes.
¶ 11. After a hearing, the trial court granted the motions to dismiss in favor of the Appellees and dismissed Keyes's counterclaims with prejudice. The trial court reasoned that Keyes filed his counterclaims "in circumvention of the Mississippi Rules of Civil Procedure" and "to allow Keyes' counter complaint to proceed would prejudice the parties by prolonging this litigation and the expense thereof, all in contradiction of MRCP 13 and 14."
¶ 12. Aggrieved by the trial court's ruling, Keyes now appeals to this Court.

STANDARD OF REVIEW
¶ 13. We review the trial court's grant or denial of the motions to dismiss de novo. Burleson v. Lathem, 968 So.2d 930, 932(¶7)(Miss.2007); Park on Lakeland Drive, Inc., v. Spence, 941 So.2d 203, 206(¶5)(Miss.2005); Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275(¶6) (Miss.2006). "This Court will not disturb the findings of the trial court unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Scaggs, 931 *864 So.2d at (¶6)(citing Bell v. City of Bay St. Louis, 467 So.2d 657, 661 (Miss.1985)).

DISCUSSION

Whether the trial court erred in granting the motions to dismiss in favor of the Appellees.
¶ 14. Keyes argues that (1) he was not required to first seek leave of court to add Hired Trucks, Inc., as a party, and (2) even though he was never properly served with process, he voluntarily appeared in the action and had standing to file the counterclaims.
¶ 15. The Appellees argue that a counterclaim must be filed in a responsive pleading, and the trial court correctly granted their motions to dismiss for this reason. We agree and find this issue dispositive. We therefore do not need to reach the additional issues.
¶ 16. Counterclaims are addressed under Mississippi Rule of Civil Procedure 13, which provides in part:
(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction....
(b) Permissive counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.
M.R.C.P. 13(a) and (b).
¶ 17. It is beyond dispute that Keyes's counterclaims against Berry and Hired Trucks, Inc., were compulsory, as they arose out of the same transaction or occurrence as the claim against him (the automobile accident). Pursuant to Rule 13(a) a compulsory counterclaim "shall" be asserted. M.R.C.P. 13(a). A compulsory counterclaim that is not raised is waived in future actions by principles of res judicata and collateral estoppel. See Id. Therefore, Keyes's counterclaim was compulsory and was required to be raised to avoid waiver in subsequent litigation.
¶ 18. We find that Keyes, a separately named defendant who appeared in the action, had standing to assert the counterclaim against Berry. Because the counterclaim was compulsory, Keyes was not required to first seek permission from the trial court. While we agree with Keyes that he had standing to assert a compulsory counterclaim against Berry without first seeking permission from the trial court, we find that the more relevant determination is whether Keyes's attempt to assert a counterclaim without filing a responsive pleading was procedurally proper. We find that to assert a claim without filing a responsive pleading was procedurally improper.
¶ 19. As the Appellees correctly point out, "a `counterclaim' is a claim asserted against a party opposite in a responsive pleading." Jeffrey Jackson, Mississippi Civil Procedure § 5:20 (2008) (citing M.R.C.P. 13(a) and (b)) (emphasis added). Mississippi Rule of Civil Procedure 7 addresses the pleadings allowed. Rule 7 provides in pertinent part that:
(a) Pleadings. There shall be [1] a complaint and [2] an answer; [3] a reply to a counterclaim denominated as such; [4] an answer to a cross-claim, if the answer contains a cross-claim; [5] a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and [6] a third-party *865 answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
M.R.C.P. 7(a) (emphasis added).
¶ 20. Keyes was required to assert his counterclaim in a responsive pleading, in this case an answer. However, at the time Keyes asserted his counterclaim he had filed no answer. Hence, the averments of the complaint went unanswered. Keyes in his "counter complaint" lagged negligence on the part of Berry but failed to answer the allegations of the complaint. The countercomplaint did not allege that Berry was solely negligent and Keyes failed to deny negligence in the countercomplaint or otherwise set forth any defense. Merely setting forth an independent claim or cause of action against the other party falls short of sufficiency for answer, particularly in a comparative negligence state. Therefore, Keyes's counterclaim was not properly before the court. Accordingly, we find that the trial court did not err in granting the Appellees' motions to dismiss Keyes's counterclaims against them.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., IRVING, CHANDLER AND ROBERTS, JJ., CONCUR. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE, P.J., BARNES AND ISHEE, JJ., KING, C.J., JOINS IN PART.
GRIFFIS, J., Dissenting.
¶ 22. Respectfully, I must dissent from the majority's opinion in this case.
¶ 23. This case presents an interesting and common scenario in automobile accident litigation. As a result of an automobile accident, the injured parties consulted with and retained counsel to pursue claims for their damages. Of course, the injured parties seek a judgment against solvent or "deep pocket" defendants. The plaintiff does not always seek recovery from the driver of the other vehicle but many times looks to his/her employer for recovery. The "deep pocket" defendants are served with process or otherwise learn of the lawsuit and turn the matter over to their counsel or insurance carrier, who retain counsel to defend the negligence claims of the injured parties. With some accidents, each automobile driver believes the other driver was at fault. Both drivers may pursue each other and their employers for recovery of their damages. That happened here, but one driver was late coming into the litigation. The circuit court judge denied that party the opportunity to join the litigation, and hence, the judge dismissed his claims.
¶ 24. The majority finds that Anthony Keyes "had standing to assert the counterclaim against Berry." Implicit in this finding is that Keyes, at least at some point, was properly before the Circuit Court of Simpson County. I consider this finding more significant than the majority, and I begin with the observation that this Court's review should focus on Keyes's status in this litigation as of August 11, 2006, the day the noted personal injury attorney Don Evans filed Keyes's "counter complaint" with the Circuit Clerk of Simpson County listing the style and circuit court cause number of this action. Indeed, on August 11, 2006, I find that Keyes was properly before the circuit court and should have been allowed an opportunity to pursue his claim.
*866 ¶ 25. On August 9, 2004, Mr. and Mrs. Donald Berry opened the courthouse door and brought an action against Keyes and his employer, Simpson County, Mississippi. Their counsel did not obtain proper or timely process on Keyes, but did so on Simpson County. However, Keyes was never dismissed from the lawsuit and remained a named party defendant.
¶ 26. Simpson County answered the lawsuit and denied liability. In essence, Simpson County defended the lawsuit by saying that its employee, Keyes, was not negligent in the accident, and neither Keyes nor Simpson County was liable for the injuries or damages sustained by the plaintiffs.
¶ 27. On August 11, 2006, Keyes filed his "counter complaint," and he asserted a negligence action against Donald Berry and his employer, Hired Trucks, Inc. The very essence of the "counter complaint" was to assert a claim against Donald Berry for the damages Berry caused as a result of the accident in question.
¶ 28. As stated earlier, it was incumbent on the circuit court, and now this Court, to determine Keyes's status in the lawsuit at this point. The majority does not, and cannot, cite a statute, rule, or case that prevents a named defendant from voluntarily submitting himself/herself to the jurisdiction of the court. There is certainly no rule that prevents a defendant from voluntarily submitting to the jurisdiction of the court. There simply is no such authority.
¶ 29. Immediately upon filing the pleading, styled "counter complaint," on August 11, 2006, Keyes subjected himself to the jurisdiction of the Circuit Court of Simpson County and made himself liable for the court's rulings and judgment. The Mississippi Rules of Civil Procedure allow a defendant the right to voluntarily appear in court. Indeed, our law provides that a party may always waive service of process and that challenge to process "must be asserted by motion or otherwise at the first opportunity after the appearance or it is deemed waived." Schustz v. Buccaneer, Inc., 850 So.2d 209, 213(¶16) (Miss.Ct.App. 2003).
¶ 30. Here, Keyes made a voluntary appearance on August 11, 2006. Regardless of the style of the pleading, Keyes was before the court since the "counter complaint" did not challenge service of process at the first opportunity after his appearance. M.R.C.P. 12(h). Here, Keyes waived service of process.
¶ 31. The question then is whether Keyes's "counter complaint" could or should be considered an answer. I believe it could and should. I now review the important and applicable Mississippi Rules of Civil Procedure.
¶ 32. Rule 1, in pertinent part, provides: "These rules shall be construed to secure the just, speedy, and inexpensive determination of every action." M.R.C.P. 1. The comment to Rule 1 provides:
The purpose of Rule 1 is to state the scope and applicability of the Mississippi Rules of Civil Procedure and the basic philosophical principle for their judicial construction.

....

It is intended that these rules be applied as liberally to civil actions as is judicially feasible, whether in actions at law or in equity....
....

The salient provision of Rule 1 is the statement that "These rules shall be construed to secure the just, speedy, and inexpensive determination of every action." There probably is no provision in these rules more important than this mandate: it reflects the spirit in which the rules were conceived and written *867 and in which they should be interpreted. The primary purpose of procedural rules should be to promote the ends of justice; these rules reflect the view that this goal can be best accomplished by the establishment of a single form of action, known as a "civil action," thereby uniting the procedures in law and equity through a simplified procedure that minimizes technicalities and places considerable discretion in the trial judge for construing the rules in a manner that will secure their objectives.

Properly utilized, the rules will tend to discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a party his day in court because of technical deficiencies. The mandate in the final sentence of Rule 1 is only one of a number of similar admonitions scattered throughout the rules directing that the rules be interpreted liberally in order that the procedural framework in which litigation is conducted promotes the ends of justice and facilitates decisions on the merits, rather than determinations on technicalities.... Perhaps the most important of these statements is the provision of Rule 61 which directs that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."
The keystone to the effective functioning of the Mississippi Rules of Civil Procedure is, obviously, the discretion of the trial court. The rules grant considerable power to the judge and only provide general guidelines as to the manner in which it should be exercised. Accordingly, judges must view the rules with a firm understanding of the philosophy of the rules and must exercise a wise and sound discretion to effectuate the objective of the simplified procedure. The rules will remain a workable system only so long as trial judges exercise their discretion intelligently on a case-by-case basis; application of arbitrary rules of law to particular situations will have a debilitating effect on the overall system.
M.R.C.P. 1 cmt. (emphasis added).
¶33. The majority cites Rule 7(a), which provides:
There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
M.R.C.P. 7(a). The majority reads this to prohibit what Keyes did here. However, the comment to Rule 7 belies the majority's interpretation. The comment provides: "The purpose of Rule 7 is to facilitate the court's ability to reach a just decision on the merits of a case by providing for a simple and elastic pleading and motion procedure which emphasizes substance rather than form." M.R.C.P. 7 cmt. (emphasis added).
¶ 34. Rule 8 governs answers. To determine whether the "counter claim" could be considered an answer, we must look to Rule 8. M.R.C.P. 8. Rule 8(b), (d), and (f) provide the following guidance:
(b) Defenses: Form of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so *868 state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials or designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but, when he does so intend to controvert all of its averments, he may do so by general denial subject to the obligations set forth in Rule 11.

....
(d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.
....
(f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice.

(Emphasis added). The comment to Rule 8 provides: "As with the statement of claims, notice of the defense raised by the defendant, Rule 8(d), is all that is required."
¶ 35. I cannot interpret Keyes status on August 11, 2006, based on a technicality that Keyes personal injury attorney titled the pleading "counterclaim" instead of "answer and counterclaim." Anyway you read these pleadings, Keyes provided notice to Berry that he asserted a claim against Berry and alleged that Berry was at fault for the accident.
¶ 36. The question is whether Keyes's "counter complaint" gave notice of his defenses to the plaintiffs' complaint. The complaint alleged that:
Plaintiff, DONALD R. BERRY, avers that the vehicle driven by Defendant, Anthony C. Keyes, was driven negligently in violation of the rules of motor vehicles driving in the State of Mississippi, by failing to yield the right-of-way to Plaintiff's vehicle and pulling out in front of Plaintiff's vehicle, causing the vehicle driven by Plaintiff, DONALD R. BERRY, to strike the Defendant's vehicle.
As a result of said collision, the Plaintiff, DONALD R. BERRY, has been bruised, contused, and had to seek the services of physicians, hospitals, nurses and other medical personnel....
Based on these allegations, Berry and his wife asked for damages in the amount of $1,950,000.
¶ 37. In the "counter complaint," Keyes alleged that:
On or about August 18, 2003, Counter Plaintiff/Defendant was driving and operating a vehicle belonging to Simpson County, Mississippi, in a lawful, careful and prudent manner and was traveling southbound ... when suddenly, carelessly, recklessly, negligently, and without warning the Counter Defendant/Plaintiff, Donald Berry, who was driving and operating a vehicle belonging to Hired Trucks, Inc., and who was traveling in the same direction as Anthony Keyes, but directly to the rear of the automobile operated by Counter Plaintiff/Defendant, Anthony Keyes, failed to pay attention to the conditions in front of him and collided with great force and violence with the rear of the vehicle the *869 Counter Plaintiff/Defendant [was] operating....
That as a direct and proximate result of the careless, reckless, and negligent acts of the Counter Defendant/Plaintiff, the Counter Plaintiff/Defendant was caused to be thrown about in the vehicle at a high rate of speed and was caused to suffer serious and permanent injuries to his person....
Based on these allegations, Keyes demanded a judgment in the amount of $500,000 from Berry and Hired Trucks, Inc.
¶ 38. It seems obvious from reading each of these documents that both men claimed the accident was the fault of the other. Hence, I read the "counter complaint" to assert a "defense" to the complaint that the accident was Berry's fault. My interpretation of the rules of civil procedure is that the Keyes's "counter complaint" would be sufficient for a general denial of the allegations raised in the original complaint.
¶ 39. Certainly, this is not a "textbook" way to plead a denial to a complaint; however, under Rule 8, I find it sufficient. Indeed, I conclude that the filing of a "counter complaint" is sufficient to preclude the entry of a default under Rule 55[2] by the plaintiffs. I further conclude that the "counter complaint" was an effort to plead or otherwise defend the suit as required by Rule 55. Therefore, I find that, on August 11, 2006, Keyes was before the court with a valid responsive pleading filed that denied the allegations of the plaintiffs' complaint.
¶ 40. We next must examine whether Keyes properly commenced a counterclaim against Berry. Rule 13(a) of the Mississippi Rules of Civil Procedure governs compulsory counterclaims, and it provides:
(a) Compulsory Counterclaims. A pleading shall state as a counter-claim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:
(1) at the time the action was commenced the claim was the subject of another pending action; or
(2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13; or
(3) the opposing party's claim is one which an insurer is defending.
In the event an otherwise compulsory counterclaim is not asserted in reliance upon any exception stated in paragraph (a), relitigation of the claim may nevertheless be barred by the doctrines of res judicata or collateral estoppel by judgment in the event certain issues are determined adversely to the party electing not to assert the claim.
(Emphasis added).
¶ 41. As to Keyes's claim against Berry, there can be no doubt that it arose "out of the transaction or occurrence that is the subject matter of [Berry's] claim and does not require for its adjudication the presence of third parties over whom the court *870 cannot acquire jurisdiction." Since Berry and Keyes were two individuals involved in the accident, Keyes's "counter complaint" was clearly sufficient to assert a counterclaim against Berry.
¶ 42. As to Keyes's claim against Hired Trucks, Inc., it certainly arose "out of the transaction or occurrence that is the subject matter of [Berry's] claim," but the trial court may have to subsequently determine whether Keyes can get jurisdiction over Hired Trucks, Inc. However, jurisdiction over Hired Trucks, Inc. is not required for the court's adjudication of Keyes's claim against Berry.
¶ 43. Nevertheless, I find that the court was further in error, at this point, to dismiss the claim against Hired Trucks, Inc. In Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 736-37 (7th Cir.1986), cert. denied, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987), the court held:
[I]f a plaintiff files an amended complaint adding additional parties without first obtaining leave of the court, the defect may be corrected and does not, in itself, justify dismissal of the action. We see no reason that this error cannot be corrected on remand. Apparently, the defendants have not been prejudiced by the plaintiffs' failure to follow proper procedures.
(Internal citations omitted). On remand, after service of process on Hired Trucks, Inc., the circuit judge may determine whether Hired Trucks, Inc., has been prejudiced.
¶ 44. Because I find the majority's decision violates the basic principles of the Mississippi Rules of Civil Procedure, specifically Rules 1, 7, and 8, and, more importantly, it emphasizes form over substance, I must respectfully dissent. The result of the majority's decision is that it does not "secure the just, speedy and inexpensive determination of every action." M.R.C.P. 1. Keyes was kicked out of the courthouse because his attorney failed to include the word "answer" in the pleading filed on August 11, 2006. I cannot agree with this decision. Therefore, I find the circuit judge committed reversible error and dissent from the majority's decision. I would reverse and remand this action for further proceedings.
LEE, P.J., BARNES AND ISHEE, JJ., JOIN THIS SEPARATE WRITTEN OPINION. KING, C.J., JOINS THIS OPINION IN PART.
NOTES
[1] A panel of supreme court justices granted Keyes's petition for interlocutory appeal on May 23, 2007. All proceedings in the circuit court regarding the above parties were stayed pending the outcome of the interlocutory appeal.
[2] Rule 55(a) of the Mississippi Rules of Civil Procedure allows a default to be entered, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules...."