# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01249-COA

LIONEL ROBINSON AND FERANTE SIMS                          APPELLANTS

v.

PATRICK W. SMITH                                              APPELLEE

DATE OF JUDGMENT:            10/08/2020
TRIAL JUDGE:                 HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:   GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANTS:     CARLOS EUGENE MOORE
ATTORNEYS FOR APPELLEE:      ROBERT F. STACY JR.
                             JOSHUA A. TURNER
NATURE OF THE CASE:          CIVIL - PERSONAL INJURY
DISPOSITION:                 REVERSED AND REMANDED - 02/15/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., GREENLEE AND EMFINGER, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     This case arises out of a two-car wreck in Grenada. The driver of one car, Lionel Robinson, and his passenger, Ferante Sims (collectively, "the plaintiffs"), sued the driver of the other car, Patrick Smith, alleging that Smith's negligence caused the accident. Smith filed an answer denying liability. Smith also filed a separate document entitled "Counter-Claim" in which he alleged that Robinson's negligence caused the accident. Robinson did not respond to the stand-alone Counter-Claim, and the circuit court subsequently entered a default judgment against Robinson on the Counter-Claim as to negligence and liability. After the default judgment was entered, Smith filed a motion for summary judgment and dismissal of the plaintiffs' complaint. Smith argued that the default judgment on the

Counter-Claim established that Robinson's negligence caused the wreck as the "law of the case." The plaintiffs then filed a motion to set aside the default judgment and responded to Smith's motion for summary judgment. The circuit court denied the plaintiffs' motion to set aside the default judgment and held that Smith was entitled to summary judgment on the plaintiffs' complaint based on the "law of the case." Pursuant to Mississippi Rule of Civil Procedure 54(b), the circuit court also certified as final its order granting summary judgment and dismissing the plaintiffs' claims against Smith. The plaintiffs filed a motion to reconsider the grant of summary judgment, which was denied, and a notice of appeal.

¶2. On appeal, the plaintiffs argue that the circuit court erred by (1) denying their motion to set aside the default judgment, (2) granting Smith's motion for summary judgment, (3) denying their motion to reconsider the order granting summary judgment, and (4) denying their motion to dismiss Smith's Counter-Claim pursuant to the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2019).[1] For the reasons explained below, we conclude that Robinson was not in default and that no default judgment should have been entered against him. Therefore, the order granting summary judgment against both plaintiffs, which was based solely on the default judgment, also must be reversed. We reverse and remand the case to the circuit court for proceedings consistent with this opinion. We do not address the denial of the plaintiffs' motion to dismiss pursuant to the MTCA because that ruling is not properly before this Court on appeal.

---

[1] Both the complaint and the Counter-Claim allege that Robinson and Sims were employees of the City of Grenada acting within the scope of their employment at the time of the accident. Robinson further alleges that Smith failed to serve the City with pre-suit notice as required by the MTCA.

## FACTS AND PROCEDURAL HISTORY

¶3.    In August 2019, Robinson, Sims, and Smith were involved in a two-car wreck at the intersection of Highway 8 and Highway 51 in Grenada. Robinson and Smith were driving the respective cars, while Sims was a passenger in Robinson's car.

¶4.    In March 2020, Robinson and Sims filed a complaint against Smith in the Grenada County Circuit Court. They alleged that Smith's negligence caused the wreck.

¶5.    On May 20, 2020, Smith filed an answer denying liability. The same day, Smith also filed a separate document entitled "Counter-Claim." The Counter-Claim alleged that Robinson's negligence caused the wreck and sought compensatory damages from Robinson. The answer and the Counter-Claim were filed by different attorneys. The answer's certificate of service stated that it was served on plaintiffs' counsel by United States mail on May 15, 2020. The Counter-Claim's certificate of service stated that it was served on plaintiffs' counsel "by electronic mail and United States mail" on May 15, 2020.

¶6.    Robinson did not answer or otherwise respond to Smith's Counter-Claim. On June 22, 2020, Smith filed an application for entry of default and a motion for a default judgment on his Counter-Claim. The same day, the clerk entered a default, and the circuit judge signed a default judgment against Robinson "as to liability for the negligence outlined in [Smith's Counter-Claim]." The judgment stated that damages would be determined at a later date. The default judgment was entered four days later on June 26, 2020.

¶7.    On July 30, 2020, Smith filed a motion for summary judgment and dismissal of the plaintiffs' claims against him. Smith argued that the default judgment on the Counter-Claim

3

established that Robinson's negligence caused the accident as the "law of the case."

¶8. On August 4, 2020, the plaintiffs filed a motion to set aside the default judgment. They argued that Smith's stand-alone "Counter-Claim" was procedurally improper because a counterclaim must be filed in an answer under the Mississippi Rules of Civil Procedure. On August 7, 2020, the plaintiffs filed a response to Smith's motion for summary judgment. They argued that summary judgment should be denied because the default judgment should not have been entered.

¶9. On September 21, 2020, the circuit court denied the plaintiffs' motion to set aside the default judgment, granted Smith's motion for summary judgment, and dismissed all the plaintiffs' claims against Smith with prejudice. The court concluded that Smith's Counter-Claim was procedurally proper, that Robinson was in default because he failed to respond, and that the plaintiffs waived any objection to the form of the Counter-Claim by failing to respond. The court further reasoned that Smith was entitled to summary judgment on all the plaintiffs' claims against him because the default judgment established as the "law of the case" that Robinson's negligence caused the accident. The court subsequently entered an order certifying its order granting summary judgment and dismissing the plaintiffs' claims against Smith as "final" pursuant to Mississippi Rule of Civil Procedure 54(b).

¶10. On September 29, 2020, the plaintiffs filed a motion for reconsideration. In this motion, the plaintiffs denied—for the first time—that Smith properly served the Counter-Claim. They admitted that Smith had served his answer by mail, but they denied that Smith ever properly served his separate Counter-Claim. They pointed out that Smith's answer did

4

not mention any counterclaim. They also noted that the Counter-Claim's certificate of service stated that it was being served by both United States mail and email, but they denied that Smith had in fact served the Counter-Claim by either mail or email. The plaintiffs claimed that they were unaware of the Counter-Claim until after the default judgment had been entered, at which point plaintiffs' counsel requested and received a copy of the Counter-Claim from the circuit clerk.[2]

¶11. In his response to the plaintiffs' motion for reconsideration, Smith asserted that on May 15, 2020, he had served the Counter-Claim on plaintiffs' counsel "via electronic mail." Smith argued that service by email is permissible under Mississippi Rule of Civil Procedure 5(b)(1). The record does include a copy of a May 15, 2020 email from Smith's attorney to plaintiffs' counsel that appears to attach the Counter-Claim. Smith acknowledged that he did not serve the Counter-Claim by United States mail, as stated in his certificate of service. Smith characterized this misstatement in his certificate of service as a "[c]lerical error."

¶12. In rebuttal, the plaintiffs argued that Smith failed to properly serve the Counter-Claim by email pursuant to Rule 5(b)(1) because there was no "acknowledgment" of receipt.[3] It is not clear whether plaintiffs' counsel denies that he, in fact, received the subject email and attachment or only denies that Smith obtained an "acknowledgment" of receipt.

---

[2] The circuit court's docket sheet reflects that the clerk mailed a copy of the Counter-Claim to plaintiffs' counsel three days after the default judgment was entered.

[3] *See* M.R.C.P. 5(b)(1) ("Service by electronic means is complete when the electronic equipment being used by the attorney or party being served acknowledges receipt of the material. If the equipment used by the attorney or party being served does not automatically acknowledge the transmission, service is not complete until the sending party obtains an acknowledgment from the recipient.").

5

¶13. On October 23, 2020, the circuit court denied the plaintiffs' motion for reconsideration. The court found that the plaintiffs "waived any right to complain about the service of the [C]ounter-[C]laim when they failed to raise the issue" in their prior motion to set aside the default judgment.

¶14. On November 2, 2020, the plaintiffs filed a motion to dismiss Smith's Counter-Claim, alleging that Smith failed to file a pre-suit notice of claim, as required by the MTCA. *See* Miss. Code Ann. § 11-46-11 (Rev. 2019).

¶15. On November 5, 2020, the plaintiffs filed a notice of appeal from the circuit court's order granting summary judgment and dismissing their claims against Smith. As noted above, the circuit court had certified that ruling as final pursuant to Mississippi Rule of Civil Procedure 54(b). Several months later, the circuit court denied the plaintiffs' motion to dismiss the Counter-Claim pursuant to the MTCA. The court held that the plaintiffs waived all defenses under the MTCA by failing to file an answer to the Counter-Claim.

¶16. On appeal, the plaintiffs argue that the circuit court erred (1) by denying their motion to set aside the default judgment, (2) by granting Smith's motion for summary judgment, (3) by denying their motion to reconsider the order granting summary judgment, and (4) by denying their motion to dismiss the Counter-Claim pursuant to the MTCA.

## ANALYSIS

I. **Pursuant to Mississippi Rule of Civil Procedure 54(b), this Court has jurisdiction to review the circuit court's order granting summary judgment and dismissing the plaintiffs' complaint. Because that order depends on the circuit court's prior orders granting a default judgment on Smith's Counter-Claim and denying the plaintiffs' motion to set aside the default judgment, we**

6

**must review those orders as well.**

¶17.    We begin our analysis by identifying which aspects of the case are before this Court on appeal.  In general, an appeal may be taken only from a final judgment.  *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013); Miss. Code Ann. § 11-51-3 (Rev. 2019). "Generally, a final judgment is one that adjudicates the merits of the controversy and settles all issues between all parties." *LaFontaine*, 110 So. 3d at 787 (¶8).  In this case, there is no "final judgment" because there has been no final adjudication of Smith's Counter-Claim against Robinson.  As to the Counter-Claim, although the circuit court entered a default judgment against Robinson on the issues of negligence and liability, there has been no determination of damages.

¶18.    "An exception to the final judgment rule is found in Rule 54(b) of Mississippi Rules of Civil Procedure, which allows the trial court to expressly direct the entry of final judgment as to fewer than all of the claims or parties in an action." *Walters v. Walters*, 956 So. 2d 1050, 1053 (¶10) (Miss. Ct. App. 2007).  In this case, the circuit court certified its order granting summary judgment in favor of Smith and dismissing the plaintiffs' claims against Smith as final pursuant to Rule 54(b).  A grant of summary judgment that results in the dismissal of a claim may be certified as final under Rule 54(b) because it finally decides that claim. *See Brown v. Collections Inc.*, 188 So. 3d 1171, 1176 (¶¶16-17) (Miss. 2016) (stating that a judgment may be certified as final under Rule 54(b) if it "finally dispose[s] of" or "adjudicate[s]" a "claim").  Therefore, the order granting summary judgment in favor of Smith and dismissing the plaintiffs' claims is properly before this Court on appeal.

7

¶19. The circuit court did not certify the default judgment on Smith's Counter-Claim or the order denying the plaintiffs' motion to set aside the default judgment as final pursuant to Rule 54(b). The default judgment and the denial of the motion to set it aside were not eligible for certification under Rule 54(b) because the default judgment only determined liability and did not determine damages. A judgment on the issue of liability without a determination of damages cannot be certified as final under Rule 54(b) because it leaves "a portion of the claim pending—i.e., that portion dealing with the relief due." *White v. Mills*, 735 So. 2d 428, 431 (¶15) (Miss. 1999). Therefore, the default judgment and the order denying the motion to set it aside are not the subject of the plaintiffs' notice of appeal.

¶20. Nonetheless, the judgment that is properly before this Court on appeal depends entirely on the default judgment and the circuit court's order denying the plaintiffs' motion to set aside the default judgment. As discussed above, the circuit court held that Smith was entitled to summary judgment and dismissed the plaintiffs' complaint against him only because the court believed that the default judgment had established the "law of the case" on the issues of negligence and liability. Therefore, in order to determine whether the circuit court erred by granting summary judgment on the plaintiffs' claims, it is necessary for this Court to determine whether the circuit court erred by entering or refusing to set aside the default judgment on Smith's Counter-Claim. Thus, of necessity, this Court must review the propriety of the default judgment and the denial of the motion to set it aside.[4]

---

[4] *See Clinton v. Jones*, 520 U.S. 681, 707 n.41 (1997) (holding that an appellate court has jurisdiction to review a non-appealable ruling if it is "inextricably intertwined" with an appealable ruling or if review is "necessary to ensure meaningful review" of an appealable ruling (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995))).

**II.** **The circuit court erred by entering a default judgment against the plaintiffs. Smith's Counter-Claim was procedurally improper, and the plaintiffs had no obligation to file a responsive pleading under the Rules of Civil Procedure.**

¶21. Under Rule 55(a), "the clerk shall enter [a] default" only "[w]hen a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend as provided by* [*the Mississippi Rules of Civil Procedure*] and that fact is made to appear by affidavit or otherwise." M.R.C.P. 55(a) (emphasis added). Thus, before a default or a default judgment may be entered, it must be shown that the party allegedly in default failed to file a responsive pleading required by the Rules of Civil Procedure or otherwise failed to defend in some manner required by the Rules of Civil Procedure. The proper interpretation of the Rules of Civil Procedure is a question of law that we review de novo based on "the plain and ordinary meanings of the Rules." *Veal v. J.P. Morgan Tr. Co.*, 955 So. 2d 843, 845 (¶6) (Miss. 2007). A default judgment erroneously entered against a party not in default must be set aside. *Smith v. Everett*, 483 So. 2d 325, 327-28 (Miss. 1986); *Fairchild v. General Motors Acceptance Corp.*, 254 Miss. 261, 266, 179 So. 2d 185, 187-88 (1965); *McDaniel v. Burroughs*, 739 So. 2d 461, 464 (¶10) (Miss. Ct. App. 1999) (stating that "the grant or denial of a 60(b) motion [to set aside a default judgment] is generally within the lower court's discretion," but a default judgment entered against a party who is not "in default" is "void ab initio" and *must* be set aside).

¶22. In the present case, we conclude that Robinson was not in default under the Rules of Civil Procedure because Smith's stand-alone Counter-Claim was procedurally improper, and Robinson had no obligation under the Rules to file a responsive pleading. Our conclusion

9

is based on the plain language of Rules 7, 12, and 13.

¶23. Rule 7(a) provides:

> **(a) Pleadings.** There shall be a complaint and an answer; a reply to a counter-claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who is not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed*, except that the court may order a reply to an answer or a third-party answer.

M.R.C.P. 7(a) (emphasis added). As this Court has explained, "Rule 7 clearly limits parties to the described type and number of pleadings." *Transfer of Structured Settlement Payment Rights by Saucier v. Saucier*, 207 So. 3d 689, 693 (¶9) (Miss. Ct. App. 2016). A stand-alone "Counter-Claim" is not permitted because it is not among the pleadings allowed under Rule 7(a). M.R.C.P. 7(a); *see Keyes v. Berry*, 995 So. 2d 861, 864-65 (¶¶19-20) (Miss. Ct. App. 2008) (affirming by an evenly divided Court).

¶24. Moreover, as the plaintiffs "correctly point out, 'a 'counterclaim' is a claim asserted against a party opposite *in a responsive pleading*.'" *Keyes*, 995 So. 2d at 864 (¶19) (quoting Jeffrey Jackson, *Mississippi Civil Procedure* § 5:20 (2008)). Rule 13 provides that a counterclaim must be asserted in "[a] pleading." M.R.C.P. 13(a)-(b). As explained above, a counterclaim is not itself a "pleading." Rather, Smith "was required to assert his counterclaim *in* a responsive pleading, in this case [his] answer." *Keyes*, 995 So. 2d at 865 (¶20) (emphasis added).[5]

---

[5] If a counterclaim could be asserted in a stand-alone document rather than in an answer, there would be no effective deadline for asserting counterclaims under the Rules of Civil Procedure. Rule 12(a) provides that "[a] defendant shall serve *his answer* within thirty days after the service of the summons and complaint," M.R.C.P. 12(a) (emphasis added), but no rule states when a defendant must assert a "counterclaim." Rule 12(a)'s deadline applies

¶25.   Finally, Rule 12(a) specifies the circumstances in which a party must file a responsive pleading under the Rules of Civil Procedure.  In relevant part, Rule 12(a) provides that a "plaintiff shall serve his reply to a counter-claim *in the answer* within thirty days after service of the answer."  M.R.C.P. 12(a) (emphasis added).  Thus, a plaintiff is required to file a "reply to a counter-claim *in the answer*."  *Id.* (emphasis added).  The Rule does not require a response to a stand-alone Counter-Claim that is not asserted "in the answer."[6]

¶26.   Our interpretation of our Rules of Civil Procedure is consistent with federal cases interpreting the substantially similar provisions of Rules 7, 12, and 13 of the Federal Rules of Civil Procedure.  Federal courts have consistently held that a counterclaim must be asserted in a responsive pleading (an answer) and that a party cannot file a stand-alone counterclaim because a "counterclaim" is not among the pleadings permitted by Rule 7 of the Federal Rules of Civil Procedure.[7]  We generally consider decisions interpreting the

to counterclaims only because the Rules of Civil Procedure provide that a counterclaim must be asserted *in the answer*.

[6] Rule 12(a)'s deadline for filing a reply to a counterclaim—"within thirty days of service of the answer"—only makes sense if the counterclaim must be asserted in the answer.  Otherwise, a defendant could file a stand-alone counterclaim sometime after filing its answer and thereby shorten the plaintiff's time for filing a reply.

[7] *See, e.g.*, *KAABOOWorks Servs. LLC v. Pilsl*, No. 17-CV-02530-CMA-KLM, 2019 WL 1979927, at \*4 (D. Colo. May 3, 2019) ("Both compulsory and permissive counterclaims . . . must be asserted in one of the seven pleadings defined by [Rule] 7(a).  In other words, a counterclaim filed as a standalone document is improper; a counterclaim incorporated into an answer is proper."); *Nat'l Ass'n of Gov't Emps. Inc. v. Nat'l Emergency Med. Servs. Ass'n Inc.*, 969 F. Supp. 2d 59, 67 (D. Mass. 2013) ("[P]ursuant to [Rules 12 and 13], counterclaims can only be asserted in a 'pleading[,]'" not "as a stand-alone filing."); *Safety Today Inc. v. Roy*, No. 2:12-CV-510, 2013 WL 1282384, at \*2 (S.D. Ohio Mar. 27, 2013) ("A counterclaim is not a stand-alone pleading; rather, a counterclaim is to be included in a pleading." (quotation marks omitted)); *N. Valley Commc'ns LLC v. Qwest*

11

Federal Rules of Civil Procedure to be "highly persuasive" because "the Mississippi Rules of Civil Procedure, with few exceptions, were developed to comport with the Federal Rules of Civil Procedure." *Fletcher v. Limeco Corp.*, 996 So. 2d 773, 779 (¶16) (Miss. 2008).

¶27. In summary, based on the plain language of Rules 7, 12, and 13 of the Mississippi Rules of Civil Procedure, we agree with the plaintiffs that Smith's Counter-Claim was procedurally improper[8] and that Robinson was under no obligation to file a responsive pleading. As discussed above, a party is in default only if he "has failed to plead or otherwise defend as provided by [the Mississippi Rules of Civil Procedure]." M.R.C.P.

---

*Commc'ns Co. LLC*, No. CIV. 11-4052-KES, 2012 WL 523685, at *2 (D.S.D. Feb. 16, 2012) ("Federal Rule of Civil Procedure 7(a) exhaustively lists allowable pleadings and 'counterclaim' is not listed. . . . Because a counterclaim is not a stand alone pleading, it must be stated within a pleading."); *Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) (holding that the defendants "improperly asserted their counterclaims" "in a separate document on the same day that they filed their [a]nswer" because "[c]ounterclaims . . . must appear in a pleading, and a separate document that contains counterclaims is not a permissible pleading"); *Bernstein v. IDT Corp.*, 582 F. Supp. 1079, 1089 (D. Del. 1984) (holding that a counterclaim must be asserted in a pleading, not as a standalone document, and that "Rule 12(a) . . . only requires response to a counterclaim when the counterclaim is stated in an answer").

[8] We note that this case is distinguishable from the recent case of *Gordon v. Dickerson*, No. 2020-CA-00601-COA, 2021 WL 4166102 (Miss. Ct. App. Sept. 14, 2021) (petition for writ of certiorari pending). *Gordon* originated in justice court, where a defendant is not required to file an answer. *See* RJC 14. The defendant did not file an answer, an order of eviction was entered against her, and she then appealed to county court. Under the Uniform Rules of Circuit and County Court, such an appeal proceeds "as if a complaint and answer had been filed" in justice court. URCCC 5.07. In that specific context, the lead opinion for this Court determined that the county court did not err by allowing the defendant-appellant to assert a standalone counterclaim. *Gordon*, 2021 WL 4166102, at *5 (¶28). Unlike *Gordon*, this case began as an original civil action in circuit court in which the defendant was required to—and did—file an answer. We also note that there was no majority opinion in *Gordon*. Rather, the judgment of the lower court was affirmed by a 5-5 vote.

55(a). Because Robinson was under no obligation to file a responsive pleading, it necessarily follows that he was never in default and that no default judgment should have been entered against him. A default judgment entered against a party who is not "in default" is "void ab initio" and must be set aside. *McDaniel*, 739 So. 2d at 464 (¶10). Therefore, the circuit court erred by denying the plaintiffs' motion to set aside the default judgment on the Counter-Claim.[9]

¶28.    Because Robinson was not in default, the circuit court had no discretion to decline to set aside the default judgment. Therefore, we need not address the three-prong test that governs a court's discretion to set aside a properly entered default judgment. *See BB Buggies Inc. v. Leon*, 150 So. 3d 90, 101 (¶23) (Miss. 2014).

### III.    The circuit court erred by granting Smith's motion for summary judgment and dismissing the plaintiffs' claims.

¶29.    After the circuit court denied the plaintiffs' motion to set aside the default judgment entered against Robinson, the court granted Smith's motion for summary judgment with respect to the plaintiffs' claims against him. The circuit court reasoned as follows:

> This court finds that the issue of liability as to the cause of the accident giving

---

[9] Although not raised by the plaintiffs, we also note that Smith does not appear to have complied with the requirement of Rule 55(a) that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment [by default] at least three days prior to the hearing of such application[.]" M.R.C.P. 55(a). The plaintiffs clearly had "appeared in the action" prior to Smith's motion for a default judgment. Nonetheless, Smith apparently obtained a hearing on his motion for a default judgment the same day he filed it. The application for entry of default, the clerk's entry of default, and the motion for a default judgment were all filed on June 22, 2020. The same day, the judge also signed an order granting a judgment by default as to negligence and liability.

rise to this cause of action was established when no response was filed to the [C]ounter-[C]laim. By failing to file a response to the [C]ounter-[C]laim, Robinson admitted that his negligence was the sole proximate cause of the accident. Based on the law-of-the-case doctrine, the sole cause of the accident was the negligence of Lionel Robinson. Consequently, neither Robinson nor Sims are entitled to recover any damages from Smith. Thus, this court finds that [Smith's] Motion for Summary Judgment should be granted.

Thus, the circuit court's order granting summary judgment and dismissing both plaintiffs' claims against Smith was based entirely on the default judgment.

¶30. Because the circuit court erred by entering a default judgment against Robinson, it necessarily follows that it erred by relying on that default judgment to grant summary judgment against both Robinson and Sims. Therefore, we reverse the order granting Smith's motion for summary judgment and dismissing the plaintiffs' claims.[10]

### IV. The denial of the plaintiffs' motion to dismiss the Counter-Claim pursuant to the MTCA is not before this Court on Appeal.

¶31. As noted above, the plaintiffs also argue that the circuit court erred by denying their motion to dismiss the Counter-Claim pursuant to the MTCA. They argue that the Counter-Claim fails as a matter of law because Smith failed to serve pre-suit notice of his claim on

---

[10] We also note that the circuit court dismissed both Robinson's claims and Sims's claims even though Robinson was the only party allegedly in default. We see no reason why Sims's claims should have been dismissed based on Robinson's alleged default. *See, e.g.*, *Lemache v. Tunnel Taxi Mgmt. LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019) (holding that a "liability determination" based on a default judgment "has no collateral estoppel or law of the case effect on the parties who are actually appearing"); *Maersk Inc. v. Neewra Inc.*, 687 F. Supp. 2d 300, 334 (S.D.N.Y. 2009) (holding that default judgments entered against certain defendants did not establish "the law of the case" or entitle the plaintiff to summary judgment against co-defendants who were not in default); *Mrs. Condies Salad Co. v. Colorado Blue Ribbon Foods LLC*, No. 11-CV-02118-KLM, 2012 WL 5354848, at *5 (D. Colo. Oct. 30, 2012) ("The findings and conclusions in a default judgment are not binding as 'law of the case' against other defendants who are not in default.").

14

the City of Grenada, as required by the MTCA. *See* Miss. Code Ann. § 11-46-11. However, Smith argues that this ruling is not properly before this Court on appeal because it was entered months after the plaintiffs filed their notice of appeal.

¶32. We agree that the order is not properly before us. Aside from the fact that the order was entered well after the notice of appeal was filed, an order denying a motion to dismiss is interlocutory and not appealable. Moreover, such an order is not eligible for certification as "final" under Rule 54(b) because it does not finally decide any claim. *See Jourdan River Estates LLC v. Favre*, 278 So. 3d 1135, 1154-55 (¶78) (Miss. 2019) (holding that a trial court cannot certify a denial of summary judgment under Rule 54(b) because such an order does not decide a claim). Finally, it is not necessary for us to address this issue in order to review the rulings that are properly before this Court on appeal. *See supra* ¶20 & n.4.

¶33. In addition, our holding that Smith's stand-alone Counter-Claim was procedurally improper effectively renders moot the order denying the plaintiffs' motion to dismiss. On remand, Smith may seek leave of court to amend his answer to assert a procedurally proper counterclaim. *See* M.R.C.P. 15(a). If leave is granted, Robinson or the City of Grenada may assert whatever defenses are available to them under the MTCA. *See* M.R.C.P. 12.

**CONCLUSION**

¶34. Robinson was not "in default" because he had no obligation under the Rules of Civil Procedure to file a pleading in response to Smith's stand-alone Counter-Claim. Therefore, the circuit court erred by entering a default judgment against Robinson, by denying the plaintiffs' motion to set aside the default judgment, by granting Smith's motion for summary

15

judgment, and by dismissing the plaintiffs' claims against Smith. The case is reversed and remanded for further proceedings consistent with this opinion.

¶35.    **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS AND McDONALD, JJ., NOT PARTICIPATING.**